### WAITE v. ROBINSON et al.

#### (Circuit Court of Appeals, First Circuit. August 1, 1893.)

#### No. 46.

PATENTS FOR INVENTIONS—ADJUSTABLE CHAIRS—INFRINGEMENT.

Letters patent No. 329,805, issued November 5, 1885, to William Boscawen, for an improvement in chairs, consisting of a sliding supplemental foot, which may be used as a bracket to support the seat, is not infringed by a device which substitutes the feet of a chair for its secondary frame feet, and for which letters patent No. 416,324 were issued to William G. Cross, December 3, 1889. 52 Fed. Rep. 295, affirmed.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

In Equity. Bill by Gilman Waite against Charles H. Robinson and others for infringement of letters patent No. 329,805, for an improvement in chairs, issued November 5, 1885, to William Boscawen, and by him assigned to Daniel L. Thompson, Charles A. Perley, and Gilman Waite, for an improvement in chairs. From a decree dismissing the bill, (52 Fed. Rep. 295,) complainant appeals. Affirmed.

James E. Maynadier, for appellant.

George W. Hey and Alfred Wilkinson, for appellees.

Before COLT, Circuit Judge, and WEBB and CARPENTER, District Judges.

CARPENTER, District Judge. This is a bill in equity to enjoin an alleged infringement of letters patent No. 329,805, issued November 3, 1885, to William Boscawen, for chair. The bill was dismissed by the circuit court, and the complainant appealed. 52 Fed. Rep. 295. The alleged infringing device is that shown in letters patent No. 416,324, issued December 3, 1889, to William G. Cross. The circuit court held that the patent in suit shows no patentable novelty; and, while we are of opinion that the decree

should be affirmed, we do not find it necessary to go so far as to find that the patent is invalid, but rather rest our finding on the proposition that the patent must be so construed as to relieve the respondents of the charge of infringement.

Adjustable chairs have been made in many forms and for various uses, as the record fully shows; and there remains, indeed, very little room for invention. The "distinct idea," says the appellant, which is involved in his patent, is "a chair frame with four feet, two of which are always on duty as feet, combined with a seat with but two feet, which are always idle while two feet of the frame are on duty, and vice versa." This may fairly be said to be the idea of the patent, if it be taken in connection with, and to be modified by, certain structures already known. In the first place, the device of six feet operating as above described is shown in the patent No. 282,154, of July 31, 1883, to Edward H. Bolgiano. In that device the third or supplementary pair of feet are hinged to the front feet of the supporting framework. The device of using the front feet of the seat as supplementary feet is shown in the patent No. 202,788, of April 23, 1878, to Frederick Caulier; the device of using all four feet of the seat for the same purpose appears in the patent, No. 259,368, of June 13, 1882, to Lemuel A. Chichester; and the device of using the rear feet of the seat for the same purpose appears in the patents No. 191,294, of May 29, 1877, to Luther I. Adams, and No. 202,046, of April 2, 1878, to Charles A. Perley.

There remains nothing for this patentee, as it seems to us, except his specific device, which essentially consists in substituting for the swinging or rotating supplementary foot of the Bolgiano chair a sliding supplementary foot, and giving to this sliding supplementary foot the additional function of a bracket to support the seat. Neither of these functions appears to be performed by the mechanism of the Cross chair. In the chair of Boscawen, as in that of Bolgiano, there is a triangular supporting framework whose front feet are made double or divided into two parts, which two parts come into action alternately, while Cross has reached the same result by substituting the feet of the chair for the secondary frame feet, after the general method of construction suggested by the device shown in the Caulier patent.

The decree will therefore be affirmed, with costs.